USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/25/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES JACKSON,

                Plaintiff,

-against-

DEPARTMENT OF CORRECTIONS;
CYNTHIA BRANN; PATSY YANG;
MARGARET EGAN,

                Defendants.

20-CV-9420 (VSB)

**ORDER**

VERNON S. BRODERICK, United States District Judge:

      Plaintiff James Jackson ("Plaintiff") commenced this action by filing a complaint with 49 other VCBC detainees on October 7, 2020. (*See* Docs. 1, 2.) On November 9, 2020, Magistrate Judge Stewart Aaron severed the plaintiffs' claims and directed that each plaintiff's claims be opened as a separate action. *See Lee v. Brann*, ECF 1:20-CV-8407, 7 (GBD) (SDA) (S.D.N.Y.). On November 24, 2020, an amended complaint was filed in *Lee v. Brann*. (No. 1:20-CV-8407, Doc. 14.) The amended complaint was docketed in each of the severed actions, including the instant action. (Doc. 4; *see* No. 1:20-CV-8407, Doc. 19.)

      By order dated March 22, 2021, I noted that the amended complaint does not specify how Defendants specifically violated any of Plaintiff's constitutional rights. (Doc. 12, at 2.) Accordingly, I granted Plaintiff leave to file a second amended complaint by on or before April 23, 2021. (*Id*. at 7.) I warned that if Plaintiff failed to file a second amended complaint by that date, and did not show good cause excusing such failure, the complaint would be dismissed for failure to state a claim upon which relief may be granted. (*Id.*)

      On April 27, 2021, as Plaintiff had neither filed a second amendment complaint nor supplied any explanation for his failure to do so by the April 23, 2021 deadline, I extended the

deadline for Plaintiff to file a second amended complaint to May 24, 2021. (Doc. 13.) I again warned that if Plaintiff failed to file a second amended complaint by this date and did not show good cause excusing such failure, his complaint would be dismissed for failure to state a claim upon which relief may be granted. (*Id.* at 2); *see Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (a "court on its own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair") (internal quotation marks omitted).

To date, Plaintiff has failed to submit a second amendment complaint or provide any explanation for his failure to do so by the May 24, 2021 deadline. Accordingly, it is hereby:

ORDERED THAT this action is DISMISSED without prejudice for failure to state a claim and for failure to prosecute pursuant to Federal Rules of Civil Procedure 12(b) and 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 632 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an inherent power . . . by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." (internal quotation marks omitted)); *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) . . . gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute.").

IT IS FURTHER ORDERED THAT the Clerk of the Court is directed to enter judgment dismissing the complaint. The Clerk of Court is further respectfully directed to mail a copy of this Order to pro se Plaintiff.

SO ORDERED.

Dated: May 25, 2021
      New York, New York

_____
Vernon S. Broderick
United States District Judge